UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA**, <br> Plaintiff | § § § | |
| v. | § § § | CIVIL CASE NO. __19-CV-00163__ |
| **1061 Ceiba Circle** <br> **Brownsville, TX   78521** <br> Defendant | § § § § | |

### VERIFIED COMPLAINT FOR FORFEITURE IN REM

Plaintiff, the United States of America, by and through its United States Attorney for the Southern District of Texas and the undersigned Assistant United States Attorney, represents:

NATURE OF ACTION

1. This is a civil forfeiture action in rem brought under: (a) 18 U.S.C. § 981(a)(1)(A) which provides for the forfeiture of real property involved in a transaction or attempted transaction in violation of 18 U.S.C. §§ 1956 or 1957, or any property traceable to such property; (b) 21 U.S.C. § 881(a)(6) which provides for the forfeiture of all moneys furnished or intended to be furnished by any person in exchange for a controlled substance or listed chemical in violation of the Controlled Substances Act (21 U.S.C. § 801, *et. seq*.), and all proceeds traceable to such an exchange; and (c) 18 U.S.C. § 981(a)(1)(C) incorporating 18 U.S.C. § 1956(c)(7)(A) and 18 U.S.C. § 1961(1) which provides for the forfeiture of real property which constitutes or is derived from proceeds traceable to any offense involving the felonious buying, selling, receiving, importing or otherwise dealing in a controlled substance or listed chemical (as defined in section 102 of the Controlled Substances Act), punishable under any law of the United States.

JURISDICTION AND VENUE

2. This Court has subject-matter jurisdiction of this action pursuant to 28 U.S.C. §§ 1345 and 1355.

3. Venue is proper in the Southern District of Texas under 28 U.S.C. §§ 1355, 1391 and 1395.

## DEFENDANT PROPERTY

4. The defendant is real property and improvements located at: 1061 Ceiba Circle, Brownsville, TX 78521, Cameron County Property ID No. 169076, with a legal description of:

> LOTS THIRTY-EIGHT [38] AND THIRTY-NINE [39], BLOCK TWO [2], LA HACIENDA SUBDIVISION, CITY OF BROWNSVILLE, CAMERON COUNTY, TEXAS, ACCORDING TO THE MAP OR PLAT THEREOF RECORDED IN CABINET I, PAGE 2277-A, MAP RECORDS, CAMERON COUNTY, TEXAS, AND AMENDED IN CABINET I, PAGES 2337-B THRU 2338-A, MAP RECORDS, CAMERON COUNTY, TEXAS,

hereafter referred to as the "Defendant Real Property."

5. The record owner of the Defendant Real Property is Juan Gerardo Martinez.

6. The Defendant Real Property is located within this district and within the jurisdiction of the Court.

## FACTS

7. Upon information and belief, the United States of America alleges:

a. On September 5, 2018, Juan Gerardo Martinez, the record owner of Defendant Real Property, was arrested for attempting to smuggle $644,285.00 of bulk cash into Mexico from the United States in violation of 31 United States Code 5332. (Case: 1:18-cr-00766-1). Juan Gerardo Martinez was arrested with Sergio Betancourt in Cameron County, TX. When arrested, Sergio Betancourt told officers that he was going to be paid $3,000 to smuggle the money into Mexico and that Juan Gerardo Martinez was also aware of the money and was going to be paid $1,500.00. Based on the method of concealment, the amount of funds, and the destination of the funds (Matamoros), there

2

is probable cause to believe these funds are proceeds of narcotics trafficking.

b.   On September 6, 2018, Defendant Real Property was discovered by investigators during a bond hearing before U.S. Magistrate Judge Ignacio Torteya, III.

c.   On September 21, 2018, United States Customs and Border Protection, Laboratories and Scientific Services Directorate, completed analysis of several latent fingerprints that were lifted from the labels that were on the bundles of bulk cash totaling $644,285.00. There were two positive identifications made based on the latent fingerprints. The first identification was a positive match to known prints submitted for Juan Gerardo Martinez.

d.   On October 2, 2018, Juan Gerardo Martinez was indicted by a federal Grand Jury in the Southern District of Texas.

e.   On October 17, 2018, investigators went to Defendant Real Property in order to determine who was living at Defendant Real Property. A woman who answered the door, identified herself as Rosa Moreno, and stated that she and her children live at Defendant Real Property. Rosa Moreno identified her children and stated that their father was Rafael Cardenas-Vela, who did not live at Defendant Real Property because he was in prison for Controlled Substance Act violations. (Rafael Cardenas-Vela was convicted of narcotics trafficking and money laundering conspiracies in U.S. District Court in Brownsville and is incarcerated in the Bureau of Prisons.) When Cardenas was prosecuted, U.S. District Judge Hanen approved the forfeiture of $5,000,000.00 in narcotics proceeds from Cardenas and assessed a $5,000,000.00 money judgment against him (DE 121, 1:11-CR-1022, entered on November 17, 2014). Rosa Moreno further stated that she did not pay rent, but was allowed to live in Defendant Real Property if she paid utilities, taxes, and HOA dues.

f.   On November 9, 2018, an interview was conducted at the Homeland Security Investigations,

Brownsville office, with a cooperating individual, hereafter Cooperator. Investigators showed Cooperator a photograph of Defendant Real Property. Cooperator was aware of the property but stated that he was not the owner of Defendant Real Property, nor did he allow Rosa Moreno to live in Defendant Real Property. Cooperator stated that Defendant Real Property was not his to allow Rosa Moreno to live in but further stated that Defendant Real Property belonged to a friend of his named Rafael Cardenas-Vela. Cooperator further stated that he had introduced Rafael Cardenas-Vela to a builder who could help him build Defendant Real Property. Cooperator also stated that Rafael Cardenas-Vela requested that he legally put Defendant Real Property under the name Cooperator. Cooperator declined to put Defendant Real Property under his name. Cooperator further stated to investigators that he believed the builder of Defendant Real property had paid his workers in cash while in Mexico and that the materials for Defendant Real Property had been paid for in cash.

g. Cameron County Appraisal District Records for Defendant Real Property show that it was acquired by Juan Gerardo Martinez in 2014. The Appraisal District's roll value history show that the appraisal value of the property's improvements went from $0 in 2014 to $78,289 in 2015 and to $272,795 in 2016. On October 19, 2018 a review of Public Utilities for Defendant Real Property was conducted. Utilities were found to be in the name of Juan Gerardo Martinez. Juan Gerardo Martinez requested that utilities be started at Defendant Real Property on December 7, 2015. On his utility application, Juan Gerardo Martinez stated that he is not a tenant of Defendant Real Property. He further used a Post Office Box for his primary mailing address rather than that of Defendant Real Property.

h.  On December 14, 2018, an interview was conducted at the Homeland Security Investigations, Brownsville office, with Sergio Izquierdo. Sergio Izquierdo previously owned lot 39, one of the lots on which Defendant Real Property was built. Sergio Izquierdo sold lot 39 to Juan Gerardo Martinez and received his payments in cash in August, 2014. Mr. Izquierdo furnished one receipt for $19,000.00 and another for $21,300.00 with the two receipts totaling $40,300.00. Sergio Izquierdo further stated that the reason he saved the receipts was because it was an all-cash transaction and he found that odd.

i.  On February 6, 2019, Juan Gerardo Martinez pled guilty to Bulk Cash Smuggling (31 United States Code 5332(a)(1) and (b)).

j.  On August 20, 2019, a Texas Workforce report was run on Rosa Moreno (also known as Rosa Cardenas) the person living in Defendant Real Property and on Juan Gerardo Martinez, the registered owner of Defendant Real Property. Texas Workforce revealed that Juan Gerardo Martinez has not had any reported wages to Texas Workforce since the second quarter of 2012. Rosa Moreno has the following reportable wages by quarter-year: (2-2019 $1,850.00), (1-2019, $1,770.00), (4-2018, $1,820.00), (3-2018, $1,350.00), (2-2018, $650.00 + $549.00), (1-2018, $1,404.00), (4-2017, $1557.00), (3-2017, 1,440.00), (2-2017, $1,539.00), and (1-2017, $1,512.00). Previous to 2017, Rosa Moreno did not have any income reported to Texas Workforce. Neither Rosa Moreno, nor Juan Gerardo Martinez had Texas Workforce reported income during the time period that land acquisition for Defendant Real Property and construction of Defendant Real Property occurred.

k.  On August 22, 2019, financial information was analyzed for Juan Gerardo Martinez and his business Emgon Group LLC. According to open source information Emgon Group LLC. was

registered as a business August of 2015 and forfeited existence January of 2018. Therefore, there was no business in 2014 to receive income to justify the cash payments reference to Sergio Izquierdo in paragraph i, supra. A review of FinCEN data showed no evidence of cash withdrawals or deposits into financial institutions of more than $10,000 in currency by Juan Gerardo Martinez and/or Emgon Group LLC. A further analysis of Juan Gerardo Martinez's financials showed an absence of Currency and Monetary Instrument reports which are required for individuals that transport in excess of $10,000.00 into or out of the United States.

l.   On August 22, 2019, an assessment of taxes paid at Defendant Real Property showed that Juan Gerardo Martinez made a $5,292.00 payment via cashier's check from Chase Bank on August 22, 2017. A review of his Chase account information showed that on August 22, 2017, Juan Gerardo Martinez made a $5,300.00 cash deposit.  On August 31, 2017, Juan Gerardo Martinez made another significant payment totaling $5,186.48, with a cashier's check from Chase Bank, however, there was no record of a deposit or a withdrawal for that transaction. On December 20, 2018, Juan Gerardo Martinez (Post Arrest) made an $80.00 and a $500.00 payment utilizing Western Union money orders for payments of back taxes.  On November 19, 2018, Rosa Moreno's brother-in-law identified as Juan C. Espinosa began making payment for the back taxes on Defendant Real Property.  On November 19, 2018, Juan C. Espinosa paid approximately $3,448.00 towards the real property taxes utilizing international money orders.

m.   An analysis of Juan Gerardo Martinez's crossing patterns showed that Juan Gerardo Martinez crossed frequently with Sergio Betancourt. Juan Gerardo Martinez crossed 50 times in a red Ford Mustang bearing Texas registration HNF6378. The same vehicle had the $644,285.00 concealed in the natural voids in the rear body panels and was seized when Juan Gerardo Martinez

6

and Sergio Betancourt were arrested. Juan Gerardo Martinez crossed 56 times with co-defendant Sergio Betancourt.

n.  On August 22, 2019, a review of FinCEN data showed no evidence of cash withdrawals or deposits into financial institutions of more than $10,000 in currency by Carlos Perez and his business C P Construction. C P Construction is the permit holder for the building permits which funded the construction of Defendant Real Property.

## CONCLUSION

8.  The Defendant Property is subject to forfeiture under 18 U.S.C. § 981(a)(1)(A) as property involved in a transaction or attempted transaction in violation of 18 U.S.C. § 1956 or 1957, or any property traceable to such property, under 21 U.S.C. § 881(a)(6) as property traceable to proceeds of drug trafficking; and under 18 U.S.C. § 981(a)(1)(C) incorporating 18 U.S.C. § 1956(c)(7)(A) and 18 U.S.C. § 1961(1) as property derived from proceeds traceable to any offense involving the felonious buying, selling, receiving, importing or otherwise dealing in a controlled substance or listed chemical (as defined in section 102 of the Controlled Substances Act).

## NOTICE TO ANY POTENTIAL CLAIMANTS

YOU ARE HEREBY NOTIFIED that if you assert an interest in the Defendant Real Property which is subject to forfeiture and want to contest the forfeiture, you must file a verified claim which fulfills the requirements set forth in Rule G of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions.  The verified claims must be filed no later than thirty-five (35) days from the date this Complaint has been sent in accordance with Rule G(4)(b).

An answer or motion under Rule 12 of the Federal Rules of Civil Procedure must be filed no later than twenty-one (21) days after filing the claim.  The claim and answer must be filed

with the United States District Clerk for the Southern District of Texas and a copy must be served upon the undersigned Assistant United States Attorney at the address provided in this Complaint.

## PRAYER

WHEREFORE, the United States of America prays that judgment of forfeiture be entered against the Defendant Real Property in favor of the United States of America and for such costs and other relief to which the United States of America may be entitled.

                Respectfully submitted,

                RYAN PATRICK
                United States Attorney

By:   s/ Jon Muschenheim
       JON MUSCHENHEIM
  Assistant United States Attorney
      State Bar No. 14741650
      Federal Bar No. 9246
      800 N. Shoreline Blvd., Suite 500
      One Shoreline Plaza
      Corpus Christi, Texas 78401
      (361) 888-3111

## VERIFICATION

I, Kevin Morehouse, a Special Agent with the Department of Homeland Security, hereby affirm and verify under penalty of perjury, pursuant to 28 U.S.C. § 1746, that the set forth in the foregoing Complaint for Forfeiture in Rem are true and correct to the best of my knowledge and belief.

Executed on the  23 day of August, 2019.

*Kevin Morehouse*

Kevin Morehouse
Special Agent, Homeland Security