UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF TEXAS

BROWNSVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| Plaintiff | § | |
| | § | |
| v. | § | CIVIL CASE NO.: 1:19-CV-163 |
| | § | |
| | § | |
| 1061 CEIBA CIRCLE | § | |
| BROWNSVILLE, TX 78521 | § | |
| Defendant | § | |

**FINAL JUDGMENT OF FORFEITURE
AS TO REAL PROPERTY AND IMPROVEMENTS LOCATED AT
<u>1061 CEIBA CIRCLE, BROWNSVILLE, TX 78521</u>**

Pending before the Court is the United States Motion for a Final Judgment of Forfeiture. Having considered the motion, the record, and the applicable law, the Court has determined a final judgment of forfeiture should issue forfeiting the following real property and improvements located at at 1061 Ceiba Circle, Brownsville, TX 78521 Cameron County Property ID No. 169076 (hereinafter, the "Defendant Property"), and legally described as:

LOTS THIRTY-EIGHT [38] AND THIRTY-NINE [39], BLOCK TWO [2], LA HACIENDA SUBDIVISION, CITY OF BROWNSVILLE, CAMERON COUNTY, TEXAS, ACCORDING TO THE MAP OR PLAT THEREOF RECORDED IN CABINET I, PAGE 2277-A, MAP RECORDS, CAMERON COUNTY, TEXAS, AND AMENDED IN CABINET I, PAGES 2337-B THRU 2338-A, MAP RECORDS, CAMERON COUNTY, TEXAS,

(the "Defendant Property"). The Court finds that:

1. On August 26, 2019, the United States filed a Verified Complaint for Forfeiture in Rem against the real property located at 1061 Ceiba Circle, Brownsville, TX 78521 (hereinafter, the "Defendant Property") (DE 1).

2. In accordance with Rule G(4)(a)(iv)(C) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, the United States published notice of this forfeiture action on an official internet government forfeiture site for thirty consecutive days beginning on September 13, 2019 and ending on October 12, 2019 (DE 10). More than 60 days have passed since the first day of publication and more than 30 days have passed since final publication, and, therefore, the time for filing petitions based upon the publication notice has expired. See 21 U.S.C. § 853(n)(2); Supp. Rule G(5)(a)(ii)(B). The United States served all potential claimants (DE 14, Rosa Moreno on September 9, 2019), (DE 15, Rafael Cardenas Vela on September 9, 2019) (DE 16, Juan Gerardo Martinez on September 9, 2019) (DE 17, Erika Jimenez-Padilla on August 30, 2019), (DE 19, La Hacienda Homeowners Association on October 24, 2019). A post and walk notice was executed on September 3, 2019 (DE 18). Other than the taxing authorities, no one has filed a petition asserting an interest in the Defendant Property, and the time to do so has expired. Therefore, any potential third-party petitioners other than the taxing authorities should be held in default. See Rule G(4)(b)(ii)(B) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, deadline for filing a claim is 35 days after notice is sent.

3. Taxing authority Claimants, Cameron County, Texas, et al. filed their Answer and Verified Claim on October 18, 2019 (DE 8 and 9, respectively). The United States has stipulated that based on the distinct facts and circumstances of this case, the Taxing Authorities have a valid interest in the property, specifically, ad valorem taxes, penalties and interest (DE 11).

Accordingly, the Motion is GRANTED and it is ORDERED that:

The real property and improvements located at 1061 Ceiba Circle, Brownsville, TX 78521 Cameron County Property ID No. 169076 (hereinafter, the "Defendant Property"), and legally described as:

LOTS THIRTY-EIGHT [38] AND THIRTY-NINE [39], BLOCK TWO [2], LA HACIENDA SUBDIVISION, CITY OF BROWNSVILLE, CAMERON COUNTY, TEXAS, ACCORDING TO THE MAP OR PLAT THEREOF RECORDED IN CABINET I, PAGE 2277-A, MAP RECORDS, CAMERON COUNTY, TEXAS, AND AMENDED IN CABINET I, PAGES 2337-B THRU 2338-A, MAP RECORDS, CAMERON COUNTY, TEXAS,

is forfeited to the United States, with all right, title and interest vesting in the United States.

1. all persons and entities who could claim any right, title, or interest in the Defendant property are held in default;

2. the United States has clear title to the Defendant property, subject to the payment of *ad valorem* taxes;

3. the United States may dispose of the Defendant property according to law, and may warrant good title to any subsequent purchaser or transferee;

4. upon the sale of the Defendant property, the United States shall pay, up to the amount of proceeds but not more than actual proceeds realized: the maintenance costs, realtor fees, closing costs and the *ad valorem* tax, penalties and interest assessed on the properties through the date of this final judgment of forfeiture, together with taxing authority interest as allowed by law;

5. the Court shall retain jurisdiction in the event that there is a dispute that cannot be resolved as to the amount of *ad valorem* taxes to be paid; and

6. the Clerk of the Court shall forward three certified copies of this judgment to the United States Attorney's Office, ATTN: Assistant United States Attorney Jon Muschenheim, 800 N. Shoreline Blvd., Ste. 500, Corpus Christi, Texas 78401.

THIS IS A FINAL JUDGMENT.

SIGNED in Brownsville, Texas on the 6th day of January, 2020.

FERNANDO RODRIGUEZ, Jr.
United States District Judge